1
2
3
4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   CAM IX TRUST,                          Case No. 16-cv-03881-KAW

                 Plaintiff,

8                                          **REPORT AND RECOMMENDATION
         v.                                TO REMAND CASE TO STATE
9                                          COURT; ORDER REASSIGNING CASE
                                           TO A DISTRICT JUDGE**
    KIM K. BURGGRAF,
10
                 Defendant.                Re: Dkt. No. 1
11

12        On July 11, 2016, Defendant Kim Kelly Burggraf removed this unlawful detainer action

13  from Sonoma County Superior Court. (Not. of Removal, Dkt. No. 1.)

14        As removal is clearly improper, and the parties have not consented to the undersigned, for

15  the reasons set forth below, the Court reassigns this case to a district judge and recommends that

16  the case be remanded to state court.

17                         **I.    BACKGROUND**

18        Plaintiff CAM IX Trust commenced this unlawful detainer action in Sonoma County

19  Superior Court on or around May 19, 2016.  (Compl., Dkt. No. 1, Ex. A.)  The complaint contains

20  a single cause of action for unlawful detainer.  *Id.*  The case is a "limited civil case," in which

21  Plaintiff seeks immediate possession of a subject property located in Sebastopol, California, which

22  Defendant Kim K. Burggraf previously owned and may currently occupy.  (Compl. ¶¶ 2, 8.)

23        On April 29, 2016, Plaintiff became the owner of the Subject Property by purchasing it at a

24  foreclosure sale. (Compl. ¶ 4.)

25        On May 15, 2016, Plaintiff allegedly served a written Three Day Notice to Quit on

26  Defendant and Does 1-10 to deliver possession of the premises by posting it on the premises.

27  (Compl. ¶ 12; Notice and Proof of Service, Compl., Ex. 3.)

28        On or around May 19, 2016, Plaintiff filed suit in state court.  On June 17, 2016,

United States District Court
Northern District of California

1    Defendant filed an answer in the state court action. (Not. of Removal, Ex. B.)  On July 11, 2016,

2    Defendant removed the action to federal court on the grounds that it presents "numerous Federal

3    Questions," including violations of the Truth in Lending Act, securities fraud, and the Fair Debt

4    Collections Practices Act. (Not. of Removal at 3.)

5                                    **II.    LEGAL STANDARD**

6            Federal courts exercise limited jurisdiction. A "federal court is presumed to lack

7    jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v.*

8    *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  A defendant may

9    remove a civil action from state court to federal court if original jurisdiction would have existed at

10   the time the complaint was filed. *See* 28 U.S.C. § 1441(a).  "[R]emoval statutes are strictly

11   construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031,

12   1034 (9th Cir. 2008).  "Federal jurisdiction must be rejected if there is any doubt as to the right of

13   removal in the first instance," such that courts must resolve all doubts as to removability in favor

14   of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that

15   federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

16           Federal district courts have original jurisdiction over actions that present a federal question

17   or those based on diversity jurisdiction.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179,

18   1183 & n.2 (9th Cir. 2002).  Federal district courts have federal question jurisdiction over "all civil

19   actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.

20   Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that

21   the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either

22   because the complaint directly raises an issue of federal law or because the plaintiff's "right to

23   relief under state law requires resolution of a substantial question of federal law in dispute

24   between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,

25   463 U.S. 1, 13 (1983).  "[A] case may not be removed to federal court on the basis of a federal

26   defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v.*

27   *Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

28   ///

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.    DISCUSSION

Defendant Kim Kelly Burggraf, joined by presumed-Doe Defendant Bradley Shulak, removed this unlawful detainer action from Sonoma County Superior Court on the grounds that the district court has original jurisdiction because the case presents a federal question.

#### A.    Federal Question Jurisdiction

Defendant claims that a federal question exists based on the answer filed in state court, which raised "numerous federal questions." (Not. of Removal ¶ 10.)  A defendant's rights in an unlawful detainer action depend on the interpretation of state law.  Further, Defendant has not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law.  In fact, it seems that any such showing is unlikely, as Plaintiff allegedly purchased the property in which Defendant resides through the foreclosure process and is entitled to obtain possession of the premises.  The complaint, therefore, fails to present a federal question or a substantial question of federal law.

Moreover, Defendant's assertion that a federal question exists based on various federal consumer protection statutes does not alter this analysis.  The well-pleaded complaint rule prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal.  *See Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).  Furthermore, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims.  *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963).  Thus, Defendant's claimed violations of federal law fail to introduce a basis for federal question jurisdiction.

#### B.    Diversity Jurisdiction

District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  When federal subject-matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties.

3

1    *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Under the forum defendant

2    rule, "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be

3    removed if any of the parties in interest properly joined and served as defendants is a citizen of the

4    State in which such action is brought." 28 U.S.C. § 1441(b).

5         Here, Plaintiff is a citizen of Delaware, and Defendant Burggraf is a citizen of California.

6    In such situations, the forum defendant rule applies, and an action may not be removed to the

7    district court if any properly served defendant is a citizen of California.  As Defendant is a citizen

8    of California, this case is not removable on the basis of diversity jurisdiction. *See* 28 U.S.C. §

9    1441(b).

10        **C.    Failure to Timely Remove**

11        Generally, a defendant seeking to remove an action to federal court must file a notice of

12   removal within thirty days of receiving a copy of the initial pleading, or within thirty days after the

13   service of summons upon the defendant, whichever is shorter. 28 U.S.C. § 1446(b).  Here, the

14   underlying state court pleading was filed on or around May 19, 2016.  Defendant filed an answer

15   in the state court action on June 17, 2016. (Dkt. No. 1, Ex. B.)  The notice of removal was not

16   filed with this court until July 11, 2016.  It is not established when Defendant was served with the

17   complaint. Thus, for the purposes of this report and recommendation, the undersigned will

18   consider the notice of removal timely.  Notwithstanding, as discussed above, subject matter

19   jurisdiction over the lawsuit does not exist to permit the district court to adjudicate the lawsuit.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.     CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: July 14, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge